SALLIE G. OWENS *et al.*

*v.*

RUSSELL CROSSETT.

*At Mt. Vernon, November Term, 1882.*

PRACTICE IN THE SUPREME COURT—*time for filing transcript of record.* Where a cause is heard in the circuit court in term time, but taken under advisement by the judge, to be considered and determined in vacation, the decree to be entered in vacation as of the term at which the cause was heard, the decree so entered in vacation will not become a final decree until the next term thereafter of the circuit court, notwithstanding it be entered as of the prior term. So an appeal in such case is properly brought to this court to the term next after the term of the circuit court at which the decree became final, and the filing of the transcript of the record at such term of this court is in apt time.

APPEAL from the Circuit Court of Marion county.

This was a suit in chancery. The cause was heard in the court below at the February term, 1882, thereof, and taken under advisement by the judge of that court, "to consider the said cause in vacation, and decree to be entered in vacation

as of this (the February) term." Afterwards, and in vacation preceding the August term of the circuit court, to-wit, on the 12th day of May, 1882, the judge of that court entered a decree dismissing the bill, which decree was entered of record as of the February term at which it was heard. An appeal to this court was prayed at the time of the entry of the decree in vacation, and an appeal bond filed within the time limited by the judge,—the 25th of May, 1882. The May term, 1882, of the Supreme Court intervened the February and August terms of the circuit court, but that term was adjourned before the entry of the decree on the 12th day of May. The transcript of the record in the cause was not filed in this court until the present November term, 1882, thereof, nor was any extension of time for filing the same asked or given at the preceding May term of this court. At the present term, the appellee moves the dismissal of the appeal, upon the alleged ground the transcript of the record was not filed in proper time, it being contended the decree should be regarded as having been rendered at the February term, 1882, and therefore the transcript should have been filed at the May term of this court, or, if the appellant could not obtain a transcript in time for that term, then he should have asked for further time, which was not done.

Mr. THOMAS E. MERRITT, and Mr. M. SCHAEFFER, for the motion.

Mr. HENRY C. GOODNOW, and Mr. WM. WALKER, *contra.*

CRAIG, J.: For the purposes of this appeal, the decree of the court below is not to be regarded as having become a final decree at the February term, 1882, of that court, notwithstanding it was entered of record as of that term. The cause was *heard* at the February term, but was taken under advisement, to be considered and determined by the judge in vacation, as might well be done under the statute. (Rev.

Stat. 1874, p. 332, sec. 47.) The decree was actually rendered in vacation, to-wit, on the 12th day of May, 1882. The first term of the circuit court after the rendering of the decree in vacation, was the August term. Under the section of the statute cited, the decree so entered in vacation did not become a final decree until the next term of the circuit court thereafter. Since the August term of the circuit court, at which the decree became a final decree, there has been in this Grand Division no term of this court until the present November term. This is the first term to which the appeal could properly have been brought. The transcript of the record was filed in apt time.

*Motion denied.*